IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY ESCARSEGA,

    Plaintiff,                   No. 2:09-cv-3466-JFM (PC)

    vs.

CITY OF STOCKTON, et al.,

    Defendants.              ORDER

_____/

        Plaintiff is a county jail inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff, the only party to appear in this action, has consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In his complaint, plaintiff alleges that defendants violated his constitutional rights by subjecting him to an unlawful search and seizure of both his property and his person, and by subjecting him to an unwarranted x-ray and forced ingestion of a "liquid laxative." Complaint, filed December 15, 2009, at 4. It appears from exhibits attached to the complaint that plaintiff was charged in criminal proceedings in connection with the events described in the complaint.[1]

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

---

[1] Exhibits appended to a complaint are a part thereof for all purposes. See Fed. R. Civ. P. 10(c).

2

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.  The rule announced in Heck applies equally to ongoing criminal proceedings that have not concluded with an acquittal.  See Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000).

Under Heck and its progeny, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate the invalidity of any conviction or sentence that flowed from the criminal proceedings that followed the events complained of.  Id.  If it would, the complaint must be dismissed unless the plaintiff can show that he was acquitted of the charges or, if convicted, that the conviction or sentence has been invalidated.  This court finds that plaintiff's action implicates the validity of criminal proceedings against plaintiff, and that plaintiff has not shown that the criminal proceedings ended with an acquittal or that any resulting conviction has been invalidated.  Accordingly, this action must be dismissed without prejudice.  See Heck v. Humphrey, 512 U.S. at 486-87.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of San Joaquin County filed concurrently herewith.

3. This action is dismissed without prejudice.

DATED: March 29, 2010.

UNITED STATES MAGISTRATE JUDGE

12;esca3466.dm